**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
WINC LOST POET, LLC (CASE NO. 22-11240)**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A).  The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WINC, INC., *et al.*,[1] | Case No. 22-11238 (LSS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology, and Disclaimer regarding the Schedules and Statements (the "Global Notes") pertain to the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtors' Chief Financial Officer and professional advisors, and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Winc, Inc. (8960); BWSC, LLC (0899); and Winc Lost Poet, LLC (N/A). The Debtors' mailing address for purposes of these chapter 11 cases is 12405 Venice Boulevard, Box #1, Los Angeles, CA 90066.

[2] These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**.  On November 30, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief with the Court under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close to the Petition Date as reasonably practicable under the circumstances.

As of the Petition Date, the Debtors' headquarters was located at 1751 Berkeley Street, Studio 3, Santa Monica, CA 90404.  However, effective as of December 31, 2022, the Debtors will have rejected the lease associated with their headquarters.  The Debtors' go-forward mailing address is 12405 Venice Blvd., Box #1, Los Angeles, CA 90066.

**Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Accounts Payable and Disbursement Systems**.  The Debtors maintain a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course of business.  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Continued Use of Cash Management System, (II) Authorizing Continued Use of Corporate Credit Cards and Granting Administrative Expense Status to Postpetition Credit Card Obligations; (III) Authorizing Use of Prepetition Bank Accounts and Business Forms, (IV) Waiving the Requirements of Section 345(b) on an Interim Basis, (V) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (VI) Granting Certain Related Relief* [Docket No. 9] filed on December 2, 2022.

**Insiders**.  Payments to insiders are listed in part 2, question 4 of the Statements.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not

take any position with respect to: (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

      a.      **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value.

      b.      **Interim Orders**.  Pursuant to the interim employee wage and tax orders and any supplements or amendments to such orders entered by the Court on December 6, 2022 (the "Interim Orders"), the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits as well as taxes and fees.  The Debtors have not included claims of this nature in the Schedules to the extent that such claims were paid under the Interim Orders.

      c.      **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, claims of creditors listed may not reflect all such setoffs.  The Debtors and their estates reserve all rights with respect to any such setoffs.

      d.      **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect all credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances and other adjustments, including, without limitation, the right to assert claims, objections, setoffs and recoupments with respect to the same.

      e.      **Leases**.  In the ordinary course of business, the Debtors may lease certain equipment or non-residential real property from certain third-party lessors for use in the ordinary course of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

      f.      **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection

of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages. The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

g. **Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

h. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information available at the time of filing the Schedules and Statements. If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

i. **Estimates**. The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

j. **Classifications**. Listing a claim (a) on Schedule D as "secured;" (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority;" or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

k. **Claims Description**. The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

l. **Guaranties and Other Secondary Liability Claims**. Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H. Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.

**Part 2, Item 8**.  In Part 2, Item 8, the Debtors have listed certain amounts in the aggregate for Prepaid Merchant Fees and Prepaid Freight.  The Debtors pay merchant fees based on subscription credit transactions, which are expensed in the Debtors' books and records at the time that the Debtors' customers apply their credits towards the purchase of merchandise.  In addition, the Debtors incur various freight costs to move inventory between warehouses and such costs are expensed in the Debtors' books and records as the inventory is shipped to customers.  In each case, such amounts are listed in the aggregate because such costs are recorded in the Debtors' books and records in the aggregate and it would be costly, burdensome, and impractical to itemize such amounts.

Payments made to the estates' retained professionals are listed on Part 6, Item 11 of the Statements rather than Part 2, Item 8 of the Schedules.

**Part 5**.  As set forth above, all inventory values identified in Schedule A/B, Part 5 are listed as net book value unless otherwise stated.

**Part 7**.  The Debtors' books and records do not differentiate between office furniture and office fixtures.  Accordingly, the Debtors have listed all office furniture and fixtures in the aggregate in their response to question 39.

**Part 11, Item 72**.  Debtor Winc, Inc. is the parent of a consolidated tax group that comprises all of the Debtors.  Accordingly, the Debtors file Federal and state tax returns on a consolidated or combined basis.  The Debtors maintain net operating losses from consolidated or combined tax filings, which are listed under Schedule A/B, Part 11, Item 72 for Winc, Inc.  The Debtors reserve all rights to assert that the net operating losses are property of a different Debtor.

**Part 11, Item 73**.  In response to Part 11, Item 73, the Debtors have not listed the insurance policies comprising their insurance program, as disclosed in the Debtors' *Motion for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Continue Prepetition Insurance Policies, (B) Pay All Prepetition Obligations in Respect Thereof, and (C) Continue Their Insurance Premium Financing Program; and (II) Banks to Honor and Process Related Checks and Transfers* [Docket No. 11], filed on December 2, 2022.

**Part 11, Item 74**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed certain causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and cause of action.

29975035.3

**Part 11, Item 77.1**.  Debtors BWSC, LLC and Winc, Inc. engage in ordinary course intercompany transactions that result in credit and debit book entries for accounting purposes.  Such intercompany transactions result in a net zero balance and have not been listed in Part 11, Item 77.1.

**Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  Except as otherwise agreed pursuant to a stipulation, agreed order, or other order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to, and are not reflective of any payments made by the Debtors subsequent to the Petition Date.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 2**.  Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts.  Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date.  The Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F.  The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

29975035.3

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims and/or claimants. Specifically, Part 2 of Schedule E/F for BWSC, LLC does not include estimated liabilities for outstanding gift cards on an individual basis because BWSC, LLC does not track individual gift card holders. The total amount outstanding on account of gift cards issued by BWSC, LLC is $4,050,315.59 as of the Petition Date.

The Debtors have approximately 160,000 customers (the "DTC Customers") associated with their direct to consumer business. In the ordinary course of business, the DTC Customers purchase subscription credits (collectively, the "Subscription Credits") for merchandise on the Debtors' e-commerce platform. The Debtors believe that the Subscription Credits will either be honored on a go-forward basis or have been forfeited pursuant to existing policies and applicable laws governing such Subscription Credits and have not listed amounts corresponding to such Subscription Credits on an individual basis in their Schedules. Instead, the Debtors have listed the maximum liability associated with such potential claims on an aggregate basis in Schedule E/F, as it would be impractical, cost prohibitive, and unduly burdensome to list such claims on an individual basis as of the Petition Date, and would cause the Schedules to become unwieldy and voluminous.

All amounts payable under that certain Collaboration Agreement dated February 1, 2019, between Atticus Publishing, LLC and Winc Lost Poet, LLC are paid by BWSC, LLC and are listed on Schedule F, Part 2 for BWSC, LLC.

**Schedule G – Executory Contracts and Unexpired Leases**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

*[Remainder of page intentionally left blank]*

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively.

**Statement 4**.  Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.

**Statement 7**.  BWSC, LLC is not currently involved in any pending formal legal action or administrative proceedings.  However, BWSC, LLC is periodically involved in audits and informal administrative inquiries with certain state agencies to ensure regulatory and licensure compliance, and it engages in interviews with state agencies in the ordinary course of business.  Such informal proceedings have not been listed in Statement 7.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).

**Statement 26**.  Debtor Winc, Inc.'s financial statements include information for Debtors BWSC, LLC and Winc Lost Poet, LLC.  Accordingly, the information included in the Statement of Financial Affairs for Winc, Inc. is applicable to each of the other Debtors.

**Statement 26(d)**.  Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  In addition, in connection with the Debtors' IPO and sale processes, the Debtors have provided financial statements to various parties.  Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, all of the recipients of such information may not be listed in response to this question.  Moreover, as a public company, the Debtors' financial statements are publicly available.

**Statement 28**.  As disclosed in the Schedule 14A Proxy Statement filed on April 14, 2022, Dreamer Pathway Limited (BVI) ("Dreamer Pathway"), Shiningwine Limited (BVI) ("Shiningwine"), and Dream Catcher Investments ("Dreamcatcher" and collectively with Dreamer Pathway and Shiningwine, the "Shining Capital Affiliates") each directly own shares of Winc, Inc. Shining Capital Holdings II L.P. and Shining Capital Management III Limited (together, "Shining Capital"), act as the investment managers for Shining Capital Affiliates.  Xiangwei Weng is a director of Winc, Inc. and founder and Chief Executive Officer of Shining Capital.  Mr. Weng may be deemed to have voting and investment control over the shares held by Shining Capital Affiliates. The business address of Shining Capital and Shining Capital Affiliates is Suite 8101, Level 81, International Commerce Centre, 1 Austin Road West Kowloon, Hong Kong, Hong Kong.

**Fill in this information to identify the case:**

Debtor    Winc Lost Poet, LLC

United States Bankruptcy Court for the:    Delaware

Case number
(if known)    22-11240

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

     1a. **Real property:**
        Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
|---|

     1b. **Total personal property:**
        Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNDETERMINED |
|---|

     1c. **Total of all property:**
        Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNDETERMINED |
|---|

---

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
     Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| NOT APPLICABLE |
|---|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

     3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
|---|

     3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . .

| +         NOT APPLICABLE |
|---|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
     Lines 2 + 3a + 3b

| NOT APPLICABLE |
|---|

---

**Fill in this information to identify the case:**

Debtor    Winc Lost Poet, LLC

United States Bankruptcy Court for the:    Delaware

Case number    22-11240
(if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

**Part 1:**    **CASH AND CASH EQUIVALENTS**

**1.**    **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.**   **CASH ON HAND** | |
| **3.**   **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4.**   **OTHER CASH EQUIVALENTS** | |
| **5**   Total of Part 1. ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

---

**Part 2:**    **DEPOSITS AND PREPAYMENTS**

**6.**    **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.**   **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.**   **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

| 9 | **Total of Part 2.**<br>ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | | | NOT APPLICABLE |

| **Part 3:** | **ACCOUNTS RECEIVABLE** |

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **11. ACCOUNTS RECEIVABLE** | | |

| 12 | **Total of Part 3.**<br>CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | | NOT APPLICABLE |

| **Part 4:** | **INVESTMENTS** |

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**<br>NAME OF FUND OR STOCK: | | |
| **15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| **16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**<br>DESCRIBE: | | |

| 17 | **Total of Part 4.**<br>ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | NOT APPLICABLE |

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| **20. WORK IN PROGRESS** | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |

| 23 | **Total of Part 5.**<br>ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | | | NOT APPLICABLE |

| 24. | Is any of the property listed in Part 5 perishable? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| 25. | Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed? |
|---|---|
| | ☒ No |
| | ☐ Yes    Book value _____    Valuation method _____    Current value _____ |

| 26. | Has any of the property listed in Part 5 been appraised by a professional within the last year? |
|---|---|
| | ☒ No |
| | ☐ Yes |

**Part 6:    FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

| 27. | DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)? |
|---|---|
| | ☒ No. Go to Part 7. |
| | ☐ Yes. Fill in the information below. |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. | CROPS—EITHER PLANTED OR HARVESTED | | |
| 29. | FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | |
| 30. | FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)  (OTHER THAN TITLED MOTOR VEHICLES) | | |
| 31. | FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED | | |
| 32. | OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6 | | |

| 33 | Total of Part 6. ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |
|---|---|---|

| 34. | Is the debtor a member of an agricultural cooperative? |
|---|---|
| | ☒ No |
| | ☐ Yes.  Is any of the debtor's property stored at the cooperative ? |
| | ☐ No |
| | ☐ Yes |

| 35. | Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| 36. | Is a depreciation schedule available for any of the property listed in Part 6? |
|---|---|
| | ☒ No |
| | ☐ Yes |

| 37. | Has any of the property listed in Part 6 been appraised by a professional within the last year? |
|---|---|
| | ☒ No |
| | ☐ Yes |

**Part 7:    OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

| 38. | DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES? |
|---|---|
| | ☒ No. Go to Part 8. |
| | ☐ Yes. Fill in the information below. |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. | OFFICE FURNITURE | | |
| 40. | OFFICE FIXTURES | | |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| **42. COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

| **43 Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |
| --- | --- | --- | --- |

**44.** Is a depreciation schedule available for any of the property listed in Part 7?
☑ No
☐ Yes

**45.** Has any of the property listed in Part 7 been appraised by a professional within the last year?
☑ No
☐ Yes

**Part 8:    MACHINERY, EQUIPMENT, AND VEHICLES**

**46. DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49. AIRCRAFT AND ACCESSORIES** | | | |
| **50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

| **51 Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |
| --- | --- | --- | --- |

**52.** Is a depreciation schedule available for any of the property listed in Part 8?
☑ No
☐ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?
☑ No
☐ Yes

**Part 9:    REAL PROPERTY**

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

**55.** **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

**56** **Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

NOT APPLICABLE

**57.** **Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58.** **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY**

**59.** **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| **60.** | **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| 60.1. | LOST POET - APPLICATION NUMBER - 5922459 | UNDETERMINED | N/A | UNDETERMINED |
| **61.** | **INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62.** | **LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63.** | **CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64.** | **OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65.** | **GOODWILL** | | | |

**66** **Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

UNDETERMINED

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☑ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 11:    ALL OTHER ASSETS**

**70.** **DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **71.** | **NOTES RECEIVABLE** | |
| | DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72.** | **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | |
| | DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73.** | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| **74.** | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| **78** | **Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |
| **79.** | **Has any of the property listed in Part 11 been appraised by a professional within the last year?** ☒ No ☐ Yes | |

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| **80.** | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82.** | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** | **Investments.** *Copy line 17, Part 4.* | | |
| **84.** | **Inventory.** *Copy line 23, Part 5.* | | |
| **85.** | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87.** | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88.** | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | N/A |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNDETERMINED | |

| 90. | **All other assets.** *Copy line 78, Part 11.* | + | |
|-----|------------------------------------------------|---|---|

| 91. | **Total.** Add lines 80 through 90 for each column . . . . . . . . . 91a. | $0.00 | **+** 91b. | N/A |
|-----|---------------------------------------------------------------------------|-------|-----------|-----|

| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------|-------|

**Fill in this information to identify the case:**

Debtor    Winc Lost Poet, LLC

United States Bankruptcy Court for the:    Delaware

Case number    22-11240
(if known)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1.    1.    **Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Winc Lost Poet, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>22-11240</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☒ No. Go to Part 2.
☐ Yes. Go to line 2.

**Part 2:**     **List All Creditors with NONPRIORITY Unsecured Claims**

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).
☒ No.
☐ Yes.

**Part 4:**     **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.   Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b. + | NOT APPLICABLE |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | NOT APPLICABLE |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Winc Lost Poet, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 22-11240 |

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | COLLABORATION AGREEMENT DTD 2/1/2019 | ATTICUS PUBLISHING LLC<br>F/S/O DUNCAN PENN<br>ATTN SPENCER ROEHRE<br>4141 GLENCOE AVE, UNIT 409<br>MARINA DEL REY, CA  90292 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | COLLABORATION AGREEMENT DTD 2/1/2019 | ATTICUS PUBLISHING LLC<br>F/S/O DUNCAN PENN<br>C/O PEARLMAN LINDHOLM; ANDREW PIKE<br>201-19 DALLAS RD<br>VICTORIA, BC  V8V 5A6<br>CANADA |

**Fill in this information to identify the case:**

Debtor    Winc Lost Poet, LLC

United States Bankruptcy Court for the:    Delaware

Case number    22-11240
(if known)

☐ Check if this is an
    amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

---

1.    **Does the debtor have any codebtors?**

     ☑ No.   Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

     ☐ Yes.

---

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Winc Lost Poet, LLC |
| United States Bankruptcy Court for the: | Delaware |
| Case number (if known) | 22-11240 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/28/2022
　　　　　　　MM / DD / YYYY

✘ /s/ Carol Brault
Signature of individual signing on behalf of debtor

Carol Brault
Printed name

Chief Financial Officer
Position or relationship to debtor